UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus A. Robinson, <br> *a/k/a Marcus Antonio Robinson,* <br><br> Petitioner, <br><br> vs. <br><br> Willie Eagleton, Warden, <br><br> Respondent. | ) C/A No.  9:14-2892-BHH-BM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) |

Petitioner, Marcus A. Robinson, a state prisoner in the Evans Correctional Institution of the South Carolina Department of Corrections, filed this Petition for Writ of Habeas Corpus pro se and in forma pauperis, pursuant to 28 U.S.C. § 2254. In this Petition, Petitioner seeks to challenge his 1997 convictions. See Petition, ECF No. 1 at 1.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S.



5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

### Discussion

Petitioner was convicted and sentenced on December 11, 1997 to twenty-two years imprisonment for voluntary manslaughter, five years concurrent for carrying a pistol by a person under the age of twenty-one years, and five years consecutive for possession of a firearm during the commission of a violent crime on. See Petition, ECF No. 1 at 1. The grounds asserted by Petitioner for relief are prosecutorial misconduct; denial of his Sixth Amendment right to counsel; a Jackson v. Denno[1] hearing violation; and Fourteenth Amendment due process, equal protection, and right to fair trial violations. Id. at 6, 8, 9, 11.

Petitioner previously filed a § 2254 petition in this Court on May 22, 2008, and in an order entered February 20, 2009, the Honorable Henry M. Herlong, Senior United States District Judge, dismissed the action with prejudice based on petitioner's failure to prosecute. See Robinson

---

[1]378 U.S. 368 (1964).



v. Padula, C/A No. 9:08-1974-HMH, 2009 WL 440510 (D.S.C. Feb. 20, 2009).[2]  On June 8, 2009, Judge Herlong denied Petitioner's motion to reconsider, and Petitioner did not appeal the court's judgment.  See Robinson v. Padula, C/A No. 9:08-1974-HMH (D.S.C.), ECF No. 49.

        Based on the foregoing, the Petition filed in this case should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court.  See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) [to qualify as a "successive" petition, prior petition must have been adjudicated on the merits].[3]  As noted above, Petitioner filed a previous petition which was dismissed with prejudice for Petitioner's failure to prosecute.  It is well settled that habeas corpus petitions submitted subsequent to a dismissal of a previous petition with prejudice for lack of prosecution will be considered successive.  See Campbell v. Secretary Dep't of Corrs., No. 09–11950 370 F. App'x 5, *8 n. 2 (11th Cir. March 11, 2010); Fishburne v. McCall, No. 8:13–2453–TMC, 2013 WL 5797673 (D.S.C. Oct. 28, 2013); Latimer v. Warden, No. 6:10–721–JFA–WMC, 2010 WL 2720912 (D.S.C. July 8, 2010)(adopting and incorporating Report and Recommendation, 2010 WL 2720964 (D.S.C. Apr. 14, 2010)); Brown v. McCabe, No. 4:12–01745–TLW, 2012 WL 5381146 (Oct. 31, 2012)(adopting Report and Recommendation, 2012 WL 5380662 (Sept. 27, 2012))[recommending dismissing the petition filed pursuant to 28 U.S.C. § 2241 as a successive § 2254 petition because the petitioner challenged the validity of his state criminal and his first habeas petition "was dismissed pursuant to Rule 41(b) with prejudice,

---

[2] See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"].

[3] The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997).

3



which operates as an adjudication on the merits."]; see also Fed. R. Civ. P. 41(b) ["Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."]; Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ["The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."].

Petitioner appears to be attempting to bring this successive petition based on his alleged recent discovery of additional grounds for habeas relief which he should be allowed to assert based on his "[b]lam[e]less ignorance [of] rule 15 of the F.R.C.P." See ECF No. 1 at 7, 8, 10, 11. However, under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals,[4] and the "gatekeeping" mechanism of 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

---

[4]A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, see 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). See Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, however, the Fourth Circuit is the proper tribunal to make that decision when authorization is requested, not the district court. A petitioner in this district can obtain the necessary forms for filing a motion for such authorization from the Clerk of Court's Office of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

4



authorizing the district court to consider the application.[5] See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) [the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"]; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ["Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."]; United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)["In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."].  Here, there is no indication that Petitioner received permission from the Fourth Circuit Court of Appeals before filing the present Petition.  Consequently, this Court has no jurisdiction to consider the instant Petition.  See United States v. Winestock, 340 F.3d at 205 (4th Cir. 2003); In re Williams, 444 F.3d at 236-37 (4th Cir. 2006).

## Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.  See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006)[district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent].

---

[5]Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."



Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 13, 2014
Charleston, South Carolina

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

